STATE OF RHODE ISLAND
PROVIDENCE, SC

SUPERIOR COURT

VICTORIA AROCHO :
:
v. : C.A. No. PC05- 2567
:
MELISSA EINBERG, Alias, KEISA CAESAR, Alias and The ASSOCIATED PRESS :

**COMPLAINT.**
**Jurisdiction.**

1. The Plaintiff Victoria Arocho is a resident of the Town of Lincoln, County of Providence, State of Rhode Island at all times relevant hereto.

2. Upon information and belief, the Defendant Melissa Einberg is a resident of the State of Massachusetts.

3. Upon information and belief, the Defendant Keisa Caesar is a resident of the State of New York.

4. Upon information and belief, the Associated Press is a foreign corporation that is properly registered with the Rhode Island Secretary of State and authorized to conduct business in the State of Rhode Island.

5. At all times relevant hereto, the Plaintiff, Victoria Arocho, was an employee of the Defendant, The Associated Press (hereinafter AP) who was assigned to the Providence, Rhode Island Bureau of the AP.

6. At all times relevant hereto, the Defendants Melissa Einberg and Keisa Caesar were employees of the Defendant AP and working in their capacities as employees for the AP.

2005 MAY 20 P 1:14
FILED
HENRY S. KINCH JR., CLERK

**Count I.**

**(Violation of R.I.G.L.§ 9-1-28.1)**

7. The allegations set forth in paragraphs one through six of the complaint are hereby re-alleged and incorporated by reference herein.

5. On or about December 6, 2004, the Plaintiff contacted the Defendant Keisa Caesar, who worked in Health Services Department of the AP, and indicated that she would be out of work indefinitely and that she was on a waiting list for a day treatment program.

179227

6. The Plaintiff had not indicated to any person at the AP or involved with the AP that she was going to attend a day treatment program.

7. The Plaintiff had a reasonable expectation that the fact that she was attending a day treatment program would not be disclosed to her coworkers at the AP.

8. The Plaintiff expected that, in fact, the information she had supplied to the Defendant Keisa Caesar would remain confidential.

9. Defendant Keisa Caesar told the Defendant Melissa Einberg that the Plaintiff Victoria Arocho was in a day treatment program.

10. The AP had a duty, pursuant to R.I.G.L. § 5-37.3-4 (c) (1) to "Limit authorized access to personally identifiable confidential health care information to persons having a "need to know" that information....."

11. The Defendant Melissa Einberg had no need to know the fact that the Plaintiff was at a day treatment program.

12. The Defendant Melissa Einberg told Brooke Donald, the Providence, Rhode Island Correspondent that the Plaintiff was "seeking medical treatment in a partial day hospital for some undisclosed illness."

13. The Defendant Melissa Einberg told Boston Staff Photographers that the Plaintiff was at a "retreat."

14. A reasonable person of ordinary sensibilities would find publication of the fact that the Plaintiff was at a "retreat" or day treatment program offensive and/or objectionable.

15. The Plaintiff in fact found the disclosure of the fact that she was in a day treatment program and a retreat to her coworkers to be offensive.

16. As a result of the aforementioned violations of R.I.G.L. § 9-1-28.1 the Plaintiff has suffered and will continue to suffer the following damages:

A. Physical illness
B. Mental Pain and Anguish
C. Lost wages
D. Incurrence of medical bills for treatment and care, and
E. Other such damages.

**WHEREFORE,** Plaintiff Victoria Arocho demands judgement against Defendants Melissa Einberg and Keisa Caesar, jointly and severally, in an amount sufficient to confer jurisdiction on the Honorable Court plus interest, costs and reasonable attorney's fees.

Victoria Arocho
By her Attorneys,

RAPPOPORT,
DeGIOVANNI & CASLOWITZ, INC.

Sonja L. Deyoe # 6301
989 Waterman Avenue
East Providence, RI 02914
(401)-437-3000

**COUNT II.**

**(Violation of R.I.G.L. § 5-37.3-4)**

20. The allegations set forth in paragraphs one through nineteen of the complaint are hereby re-alleged and incorporated by reference herein.

21. The actions of the Defendants Melissa Einberg and Defendant Keisa Caesar constitute a violation of R.I.G.L. § 5-37.3-4.

22. As a result of the aforementioned violations of R.I.G.L. § 5-37.3-4 the Plaintiff has suffered and will continue to suffer the following damages:

A. Physical illness
B. Mental Pain and Anguish
C. Lost wages
D. Incurrence of medical bills for treatment and care, and
E. Other such damages.

**WHEREFORE,** Plaintiff Victoria Arocho demands judgement against Defendants Melissa Einberg and Keisa Caesar, jointly and severally, in an amount sufficient to confer jurisdiction on the Honorable Court plus interest, costs, reasonable attorney's fees, punitive damages, and such other relief as this Honorable Court deems appropriate.

Victoria Arocho
By her Attorneys,

RAPPOPORT,
DeGIOVANNI & CASLOWITZ, INC.

Sonja L. Deyoe # 6301
989 Waterman Avenue
East Providence, RI 02914
(401)-437-3000

**COUNT III.**

**(Vicarious Liability for violations of R.I.G.L. § 5-37.3-4 and 9-1-28.1 )**

23. The allegations set forth in paragraphs one through twenty two of the complaint are hereby re-alleged and incorporated by reference herein.

24. At all times relevant hereto, the Defendants Keisa Caesar and Melissa Einberg were employees of the Defendant Associated Press and performing duties associated with their employment with the Associated Press.

25. The Defendant, Associated Press, either did not have policies that prevented disclosure of medical information to parties that did not have a need to know said information or failed to enforce said policies, even after Plaintiff complained that her medical information was being in appropriately disclosed to employees of the Associated Press.

26. As a result of the aforementioned conduct, the Plaintiff has suffered and will continue to suffer the damages set forth above.

WHEREFORE, Plaintiff Victoria Arocho demands judgement against Defendants Melissa Einberg, Keisa Caesar, and the Associated Press, jointly and severally, in an amount sufficient to confer jurisdiction on the Honorable Court plus interest, costs, reasonable attorney's fees, punitive damages, and such other relief as this Honorable Court deems appropriate.

Plaintiffs, by their attorneys,
RAPPOPORT, DEGIOVANNI &
CASLOWITZ, INC.

Sonja L. Deyoe, Esq. # 6301
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000

Plaintiff hereby demands a trial by jury on all counts.

Plaintiffs, by their attorneys,
RAPPOPORT, DEGIOVANNI &
CASLOWITZ, INC.

Sonja L. Deyoe, Esq. # 6301
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000