**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND.**

| | | |
|---|---|---|
| VICTORIA AROCHO, Plaintiff, | : | |
| v. | : | C.A. No. 05-308-T |
| MELISSA EINBERG; KEISA CAESAR; and THE ASSOCIATED PRESS Defendants. | : | |

**PLAINTIFF'S MOTION TO STAY PROCEEDINGS**.

Now comes the Plaintiff Victoria Arocho and moves to stay said proceedings until such point that the claims now pending in front of the Rhode Island Commission for Human Rights against said defendants can be determined and joined with said action. In support thereof, Plaintiff submits the attached memorandum of law.

Dated this 15th day of July 2005.

Respectfully submitted,
Plaintiff Victoria Arocho,
By her attorneys
Rappoport, DeGiovanni & Caslowitz, Inc.,

Sonja L. Deyoe #6301
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 (Fax)
Email: sldeyoe@abanet.org

**CERTIFICATION**

I hereby certify that I have mailed a true and accurate copy of the above to the following on this 15th day of July 2005.

Andrew B. Prescott, Esq.,
Nixon Peabody, LLP
One Citizens Plaza
Providence, RI 02903

Steven M. Richard, Esq.,
Nixon Peabody, LLP
One Citizens Plaza
Providence, RI 02903

2005 JUL 18 A 10:48
FILED

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND.**

| | | |
|---|---|---|
| VICTORIA AROCHO, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-308-T |
| | : | |
| MELISSA EINBERG; KEISA CAESAR; | : | |
| and THE ASSOCIATED PRESS | : | |
| Defendants. | : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION TO STAY PROCEEDINGS.**

## I. FACTS.

The Plaintiff, Victoria Arocho, filed the present complaint. The Defendants have subsequently removed the matter from the Rhode Island Superior Court to this Court. In her complaint, the Plaintiff alleges that the Defendants, Melissa Einberg, Keisa Caesar, and The Associated Press are liable to her for damages for their violations of Rhode Island General Laws § 5-37.3-4, pertaining to unauthorized access to confidential health care information and Rhode Island General Laws § 9-1-28.1, which establishes the Plaintiff's right to privacy.

The Plaintiff has also filed a complaint with the Rhode Island Commission for Human Rights ("Commission"), a copy of which is attached hereto as exhibit A. In the Commission complaint, the Plaintiff alleges that the same Defendants have violated the American's with Disabilities Act by discriminating against her because she suffers from celiac spruce and because the Defendants have created a hostile work environment for her because she is suffering from celiac spruce disorder.[1]

---

[1] Quite generally, the Plaintiff alleges that Defendant Einberg improperly disclosed the fact that she suffered from celiac spruce to her coworkers and discriminated against her because she had this illness. As a result of this discrimination and disclosure, the Plaintiff alleges that she suffered severe emotional distress and panic attacks which led to her admission at Butler Hospital. The Plaintiff filled out the proper FMLA forms and forwarded them to Defendant

## II LAW AND ARGUMENT.

In Plunkett v. State, 869 A.2d 1185, 1189 (R.I. 2005), the Rhode Island Supreme Court stated that a Plaintiff who had failed to join his claims for discrimination with a suit he had brought for wrongful termination, based on the same operative nexus of facts and involving the same defendants, was precluded by res judicata from filing a cause of action to recover for the discrimination after judgment had been rendered on the wrongful termination claims.

In so deciding, the Rhode Island Supreme Court stated that when a Plaintiff has claims pending in front of the Rhode Island Commission for Human Rights and in state court, arising out of the same set of facts and involving the same defendants, the proper course of action for the Plaintiff would be as follows: "[The plaintiff] could have delayed the filing of his first suit [until he received a right to sue letter] or requested that the court postpone or stay the first case. What he cannot do . . . is split causes of action and use different theories of recovery as a separate basis for multiple suits." Plunkett, 869 A.2d at 1191, quoting, Brzostowski v Laidlaw Waste Systems, 49 F.3d 337, 339 (7th Cir. 1995).

In Woods v. Dunlop Tire Company, 972 F.2d 36 (2nd Cir. 1992), the Court, addressing a similar situation to that asserted in Plunkett, first acknowledged that Congress has asserted its preference for administrative review of these claims by the Commission - rather than litigation. It then when on to state:

> "We cannot agree with amicus curiae's contention that [affirming the decision of the District Court] will put future Title VII plaintiffs to the impermissible 'Hobson's choice of either leaving their charges in the administrative process, hoping that in the meantime

---

Caesar without otherwise disclosing where she was going or the cause of her illness. The Defendant Caesar informed the Defendant Einberg of the nature of the Plaintiff's illness and about the Plaintiff's attendance at a day treatment program. Defendant Einberg subsequently told other individuals at the Associated Press that the Plaintiff was on a "retreat." These disclosures caused the Plaintiff further anguish, distress and difficulties at work.

> there will be no adverse judgment on other claims which will preclude their Title VII claims, or asking for a right to sue letter and abandoning the administrative mechanism in order to join all claims in a single lawsuit.' While it is true that Woods was forced to bring her LMRA suit prior to completion of the administrative proceedings or else abandon that claim because the six-month statute of limitations on the LMRA claim was about to expire, ***Woods . . . could have . . . avoid[ed] the sting of res judicata. . . . Woods could have filed her LMRA claim and then sought a stay in the district court pending the outcome of her Title VII administrative proceedings. . . . Once administrative review had been completed, Woods could have then joined her Title VII claim with her LMRA claim by amending the complaint in the LMRA suit***. Following this course, Woods' Title VII claim would receive full administrative review, and at the same time she could have preserved any other claims that she may have had arising from the same transaction. ***We are of the firm opinion that a district court faced with a stay request in this type of situation--where a Title VII plaintiff is seeking to defer further proceedings in non-Title VII causes of action while pursuing Title VII administrative remedies--should grant the stay absent a compelling reason to the contrary."*** Id. at 40-41.

In this instance, the Plaintiff filed this civil action in order to toll the statute of limitations on her claims under Rhode Island General Laws § 5-37.3-4, and § 9-1-28.1. As the claims arise, at least in part, from the spoken words of the Defendants, it appears that there is a one year statute of limitation which governs these claims under Rhode Island General Laws § 9-1-14 (a). ("Actions for words spoken shall be commenced and sued upon within one year next after the words spoken, and not after.") The Plaintiff, therefore, had to file suit in order to toll the statute of limitation on her claims for violations of R.I.G.L. § 5-37.3-4 and § 9-1-28.1 and could not wait for a determination of the claims she currently has before the Commission before filing the present lawsuit..

The Plaintiff would like, at least for the time being, the opportunity to pursue the administrative remedies provided to her by the Rhode Island Commission for Human Rights for her discrimination and hostile work environment claims. The Plaintiff therefore requests that this matter be stayed until such time as a right to sue letter is issued by the Commission on the

claims she currently has before it and those claims may be properly brought before this Honorable Court.

## III. CONCLUSION.

Wherefore, the Plaintiff requests that a stay be entered in this action in order that the Rhode Island Commission for Human Rights may take action on the matters currently before it and Plaintiff may properly join those claims with the current action.

Respectfully submitted,
Plaintiff Victoria Arocho,
By her attorneys
Rappoport, DeGiovanni & Caslowitz, Inc.,

Sonja L. Deyoe #6301
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 (Fax)
Email: sldeyoe@abanet.org

**CERTIFICATION**

I hereby certify that I have mailed a true and accurate copy of the above to the following on this _15_th day of July 2005.

Andrew B. Prescott, Esq.,
Nixon Peabody, LLP
One Citizens Plaza
Providence, RI 02903

Steven M. Richard, Esq.,
Nixon Peabody, LLP
One Citizens Plaza
Providence, RI 02903

________________________

2005 JUL 18 A 10: 48
FILED