UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

VICTORIA AROCHO,
Plaintiff,

v. C.A. No. 05-308-T

MELISSA EINBERG; KEISA CAESAR; and THE ASSOCIATED PRESS,
Defendants.

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants Melissa Einberg, Keisa Caesar and The Associated Press answer Plaintiff's Complaint as follows:

JURISDICTION

1. Defendants admit that Plaintiff is a resident of Rhode Island.

2. Defendants admit the allegations in this paragraph.

3. Defendants admit the allegations in this paragraph.

4. Defendants admit that The Associated Press ("AP") is a New York corporation with its principal place of business in New York, New York.

5. Defendants admit that Plaintiff was employed by the AP in December 2004.

6. Defendants admit that Melissa Einberg and Keisa Caesar are employees of the AP and worked for the AP in December 2004.

COUNT I
(R.I.G.L. § 9-1-28.1)

7. Defendants repeat and incorporate their responses to paragraphs 1-6.

5. [sic] Defendants admit that, on or about December 6, 2004, Plaintiff placed a telephone call to Keisa Caesar of the AP's Health Services Department and stated that she would be out of

work for the remainder of the week. Defendants further admit that Plaintiff stated that she was on a waiting list for a day program.

6. Defendants deny the allegations in this paragraph. Defendants further deny that they undertook any alleged acts or made any alleged statements that disclosed health care information improperly or invaded Plaintiff's privacy.

7. Defendants deny the allegations in this paragraph. Defendants further deny that they undertook any alleged acts or made any alleged statements that disclosed health care information improperly or invaded Plaintiff's privacy.

8. Defendants deny the allegations in this paragraph. Defendants further deny that they undertook any alleged acts or made any alleged statements that disclosed health care information improperly or invaded Plaintiff's privacy.

9. Defendants deny plaintiff's characterization of the scope of the information that Keisa Caesar provided to Melissa Einberg, Plaintiff's supervisor. Defendants further deny that they undertook any alleged acts or made any alleged statements that disclosed health care information improperly or invaded Plaintiff's privacy.

10. Paragraph 10 states a conclusion of law, and Defendants leave Plaintiff to her proof.

11. Defendants deny the allegations in this paragraph.

12. Defendants deny the allegations in this paragraph.

13. Defendants deny the allegations in this paragraph.

14. Defendants deny the allegations in this paragraph.

15. Defendants lack knowledge or information sufficient to form a belief as to Plaintiff's subjective beliefs and opinions.

16. Defendants deny the allegations in this paragraph.

COUNT II
(R.I.G.L. § 5-37.3-4)

20. [sic] Defendants repeat and incorporate their above-stated responses.

21. Defendants deny the allegations in this paragraph.

22. Defendants deny the allegations in this paragraph.

COUNT III
(Vicarious Liability)

23. Defendants repeat and incorporate their above-stated responses

24. Defendants admit that Melissa Einberg and Keisa Caesar were employees of the AP in December 2004 and that they acted within the scope of their job responsibilities at all times relevant to Plaintiff's allegations.

25. Defendants deny the allegations in this paragraph.

26. Defendants deny the allegations in this paragraph.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint fails to submit a claim upon which relief may be granted because Defendants did not make any improper disclosure of health care information or invade Plaintiff's privacy.

### Second Affirmative Defense

Defendants plead the affirmative defense of insufficiency of service of process.

Third Affirmative Defense

Defendants Melissa Einberg and Keisa Caesar acted reasonably and properly within the scope of their employment at the AP during all times relevant to the allegations raised in Plaintiff's Complaint.

Fourth Affirmative Defense

Defendant Keisa Caesar lacks insufficient contacts to establish personal jurisdiction over her in Rhode Island.

Fifth Affirmative Defense

Venue is improper or inconvenient as to one or more of the Defendants because the allegations at issue occurred outside of Rhode Island.

WHEREFORE, Defendants pray that the Complaint be dismissed with prejudice and that the Court award to Defendants their attorneys' fees, costs and such other relief deemed to be appropriate.

MELISSA EINBERG, KEISA CAESAR and THE ASSOCIATED PRESS

By Their Attorneys,

Steven M. Richard

Andrew B. Prescott (#3758)
Steven M. Richard (#4403)
NIXON PEABODY LLP
One Citizens Plaza
Providence, RI 02903
(401) 454-1000
(401) 454-1030 (Fax)

Dated: July 20, 2005

P125879.1

CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of July, 2005, I mailed a true copy of the within Defendants' Answer to Plaintiff's Complaint via first-class mail, postage prepaid to:

Sonja L. Deyoe, Esq.
Rappoport, DeGiovanni & Caslowitz, Inc.
989 Waterman Avenue
East Providence, RI 02914

Steven M. Richard