UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

VICTORIA AROCHO,
Plaintiff,

v.

MELISSA EINBERG; KEISA CAESAR; and THE ASSOCIATED PRESS,
Defendants.

C.A. No. 05-308-T

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STAY PROCEEDINGS**

Defendants Melissa Einberg, Keisa Caesar and The Associated Press object to plaintiff's motion for a stay to the extent that she seeks to stay this litigation beyond a reasonably brief period to allow her to obtain right to sue letters regarding her claims of disability discrimination.

Defendants have concurrently filed a supporting memorandum detailing their position regarding the request for a stay.

MELISSA EINBERG, KEISA CAESAR and THE ASSOCIATED PRESS

By Their Attorneys,

Andrew B. Prescott (#3758)
Steven M. Richard (#4403)
NIXON PEABODY LLP
One Citizens Plaza
Providence, RI 02903
(401) 454-1000
(401) 454-1030 (Fax)

Dated: August 1, 2005

CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of August, 2005, I mailed a true copy of the within response via first-class mail, postage prepaid to:

Sonja L. Deyoe, Esq.
Rappoport, DeGiovanni & Caslowitz, Inc.
989 Waterman Avenue
East Providence, RI 02914

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| VICTORIA AROCHO,<br>Plaintiff,<br>v.<br><br>MELISSA EINBERG; KEISA CAESAR; and<br>THE ASSOCIATED PRESS,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 05-308-T |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR RESPONSE TO PLAINTIFF'S MOTION TO STAY PROCEEDINGS**

Defendants Melissa Einberg, Keisa Caesar and The Associated Press ("AP") submit this memorandum in response to plaintiff's motion to stay proceedings. Defendants object to the motion to the extent that plaintiff seeks a stay of the litigation beyond a reasonably brief period to allow her to obtain right-to-sue letters promptly from the Equal Employment Opportunity Commission ("EEOC") and the Rhode Island Commission for Human Rights ("RICHR").

## I. FACTS

On May 20, 2005, plaintiff filed a Charge of Discrimination ("Charge") in the EEOC and RICHR raising allegations of disability discrimination. In the pending administrative proceedings, plaintiff contends that the alleged discrimination occurred between August 1, 2004 and January 7, 2005. AP strongly disputes that it ever engaged in any discriminatory conduct in the terms and conditions of plaintiff's employment.[1]

[1] AP contends that plaintiff cannot establish a *prima facie* case of discrimination because she was not a qualified individual with a disability. Even if plaintiff can meet the threshold requirements of a *prima facie* case, she cannot rebut AP's legitimate, non-discriminatory reasons for all of its decisions regarding her employment.

On the same day that plaintiff commenced the administrative proceedings, she filed her Complaint in the Rhode Island Superior Court alleging disputed claims of invasion of privacy under R.I.G.L. § 9-28.1-1 and disclosure of confidential health care information under R.I.G.L. § 5-37.3-4. Because diversity jurisdiction is satisfied, defendants removed the litigation to this Court. In her Complaint, plaintiff has pled allegations pertaining to a more limited time period than the allegations stated in her Charge. Specifically, plaintiff has raised here only disputed allegations regarding her reporting of an absence from work in December 2004. On December 6, 2004, plaintiff informed Keisa Caesar of AP's Health Services Department that she was taking time out of work and that she was on the waiting list to be admitted to a day program. Ms. Caesar promptly and properly informed plaintiff's supervisor, Melissa Einberg, of plaintiff's absence from work.[2] Contrary to plaintiff's allegations, Ms. Einberg did not tell co-workers that plaintiff was out of the office at "a retreat."[3]

## II. DEFENDANTS' POSITION REGARDING THE REQUESTED STAY

Defendants are prepared to proceed with their defenses. They acknowledge that there are overlapping facts between the limited time period pled in the Complaint and the broader allegations in the Charge. Defendants do not dispute that federal courts have held that there is the potential for claim preclusion upon the adjudication of allegations in litigation before the completion of administrative proceedings involving common facts.

---

2 Plaintiff states that she filed this litigation on May 20, 2005 because of statute of limitations concerns. Even if the one-year limitations period of R.I.G.L. § 9-1-14(a) applies instead of the three-year period for personal injuries under R.I.G.L. § 9-1-14(b), plaintiff had until December 6, 2005 to file her Complaint.

3 Plaintiff returned to work at the AP on January 4, 2005. She called in sick again on January 12, 2005 and took another leave from work. She received a release to return to work (without restrictions) on June 1, 2005. Instead of returning to her job, plaintiff voluntarily resigned her employment with the AP via a letter dated May 16, 2005.

Plaintiff represents that she seeks a stay to allow her join the disability discrimination claims in the administrative proceedings with the privacy claims in this litigation. Under R.I.G.L. § 28-5-24.1(a), plaintiff may request a right to sue letter from the RICHR one hundred and twenty days after the filing of her Charge and must commence legal proceedings within ninety days after the grant of the request. Under the ADA, plaintiff may request a right to sue letter from the EEOC within one hundred and eighty days after the filing of the Charge and must commence legal proceedings within ninety days after the grant of the request.[4] Plaintiff will be able to request right to sue letters from the RICHR on August 18, 2005 and the EEOC on October 17, 2005.

If this Court is inclined to stay this litigation, defendants request that the stay should be for a brief period only. Defendants respectfully suggest that a stay of no more than one hundred and twenty days would allow plaintiff to request and receive right to sue letters promptly.

MELISSA EINBERG, KEISA CAESAR and
THE ASSOCIATED PRESS

By Their Attorneys,

Andrew B. Prescott (#3758)
Steven M. Richard (#4403)
NIXON PEABODY LLP
One Citizens Plaza
Providence, RI 02903
(401) 454-1000
(401) 454-1030 (Fax)

---

[4] An ADA plaintiff must comply with the administrative procedures specified in Title VII, 42 U.S.C. § 2000e-5(e)(1). 42 U.S.C. § 12117(a). *See also Bonilla v. Meubles J.J. Alvarez, Inc.*, 194 F.3d 275, 277-78 (1st Cir. 1999).

CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of August, 2005, I mailed a true copy of the within Defendants' Memorandum In Support of Their Response to Plaintiff's Motion to Stay Proceedings via first-class mail, postage prepaid to:

Sonja L. Deyoe, Esq.
Rappoport, DeGiovanni & Caslowitz, Inc.
989 Waterman Avenue
East Providence, RI 02914

Steven [signature]