**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND.**

| | | |
|---|---|---|
| VICTORIA AROCHO, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-308-T |
| | : | |
| MELISSA EINBERG; KEISA CAESAR; | : | |
| and THE ASSOCIATED PRESS | : | |
| Defendants. | : | |

**PLAINTIFF'S MOTION TO STAY PROCEEDINGS**.

Now comes the Plaintiff Victoria Arocho and moves to stay said proceedings until such point that the claims not pending in front of the Rhode Island Commission for Human Rights against said defendants can be determined. In support thereof, Plaintiff submits the attached memorandum.

Dated this 15th day of February 2006.

Respectfully submitted,
Plaintiff Victoria Arocho,
By her attorneys
Rappoport, DeGiovanni & Caslowitz, Inc.,

Sonja L. Deyoe #6301
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 (Fax)
Email: sldeyoe@abanet.org

**CERTIFICATION**

I hereby certify that I have mailed a true and accurate copy of the above to the following on this 16 th day of February 2006.

Andrew B. Prescott, Esq.,
Nixon Peabody, LLP
One Citizens Plaza
Providence, RI 02903

Steven M. Richard, Esq.,
Nixon Peabody, LLP
One Citizens Plaza
Providence, RI 02903

Stacie Boeniger Collier
Nixon Peabody, LLP
One Citizens Plaza
Providence, RI 02903-1345

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND.**

| | | |
|---|---|---|
| VICTORIA AROCHO, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-308-T |
| | : | |
| MELISSA EINBERG; KEISA CAESAR; | : | |
| and THE ASSOCIATED PRESS | : | |
| Defendants. | : | |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF HER MOTION TO STAY PROCEEDINGS.**

## I. FACTS.

The facts supporting this motion were earlier set forth in the Plaintiff's original motion to stay proceedings filed on July 15, 2005. The only relevant facts that have changed are as follows:

Petitioner, via counsel, has spoken with Susan J. Gardner, the Acting Senior Compliance Officer for the Rhode Island Commission for Human Rights on February 15, 2006. Petitioner's counsel has been advised that a determination will be made as to whether to hold a hearing on the matter or issue a probable cause determination in the next sixty days. If a probable cause determination is made, it is very likely that petitioner would exercise her rights to proceed before the Commission.

In either event, Plaintiff seeks to stay this matter until a determination is made by the Rhode Island Commission for Human Rights as to whether probable cause exist. If it does not exist, then Plaintiff may exercise her right to amend the complaint currently before the court to include counts surrounding violations of the Americans' With Disabilities Act.

## II LAW AND ARGUMENT.

As previously stated, in Plunkett v. State, 869 A.2d 1185, 1189 (R.I. 2005), the Rhode

Island Supreme Court stated that the proper course of action for a Plaintiff in a similar position as the present Plaintiff would be as follows: "[The plaintiff] could have delayed the filing of his first suit [until he received a right to sue letter] or requested that the court postpone or stay the first case. What he cannot do . . . is split causes of action and use different theories of recovery as a separate basis for multiple suits." Plunkett, 869 A.2d at 1191, quoting, Brzostowski v Laidlaw Waste Systems, 49 F.3d 337, 339 (7th Cir. 1995).

Similarly, in Woods v. Dunlop Tire Company, 972 F.2d 36 (2nd Cir. 1992), the Court, addressing a similar situation to that asserted in this case stated:

> " While it is true that Woods was forced to bring her LMRA suit prior to completion of the administrative proceedings or else abandon that claim because the six-month statute of limitations on the LMRA claim was about to expire, ***Woods . . . could have . . . avoid[ed] the sting of res judicata. . . . Woods could have filed her LMRA claim and then sought a stay in the district court pending the outcome of her Title VII administrative proceedings. . . . Once administrative review had been completed, Woods could have then joined her Title VII claim with her LMRA claim by amending the complaint in the LMRA suit***. Following this course, Woods' Title VII claim would receive full administrative review, and at the same time she could have preserved any other claims that she may have had arising from the same transaction. ***We are of the firm opinion that a district court faced with a stay request in this type of situation--where a Title VII plaintiff is seeking to defer further proceedings in non-Title VII causes of action while pursuing Title VII administrative remedies--should grant the stay absent a compelling reason to the contrary."*** Id. at 40-41.

In this instance, the Plaintiff filed this civil action in order to toll the statute of limitations on her claims under Rhode Island General Laws § 5-37.3-4, and § 9-1-28.1 and could not wait for a determination of the claims she currently has before the Commission before filing the present lawsuit..

Factually, the Commission for Human Rights has indicated that it will make a decision on whether it will find that probable cause exist to support the plaintiff's claims for discrimination against it, or at least determine that a hearing needs to be held to make this

determination, within the next sixty days. The Plaintiff would like the opportunity to continue pursuing the administrative remedies provided to her by the Rhode Island Commission for Human Rights for her discrimination and hostile work environment claims. The Plaintiff therefore requests that this matter be stayed..

## III. CONCLUSION.

Wherefore, the Plaintiff requests that a stay be entered in this action in order that the Rhode Island Commission for Human Rights may take action on the matters currently before it and Plaintiff may properly join those claims with the current action.

Respectfully submitted,
Plaintiff Victoria Arocho,
By her attorneys
Rappoport, DeGiovanni & Caslowitz, Inc.,

Sonja L. Deyoe #6301
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 (Fax)
Email: sldeyoe@abanet.org

**CERTIFICATION**

I hereby certify that I have mailed a true and accurate copy of the above to the following on this 16 th day of February 2006.

Andrew B. Prescott, Esq.,
Nixon Peabody, LLP
One Citizens Plaza
Providence, RI 02903

Steven M. Richard, Esq.,
Nixon Peabody, LLP
One Citizens Plaza
Providence, RI 02903

Stacie Boeniger Collier
Nixon Peabody, LLP
One Citizens Plaza
Providence, RI 02903-1345