UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| VICTORIA AROCHO | : | |
| | : | |
| v. | : | C.A. No. 05-308T |
| | : | |
| MELISSA EINBERG, Alias, KEISA CAESAR, Alias and The ASSOCIATED PRESS | : | |

**FIRST AMENDED COMPLAINT.**

This is an action alleging employment discrimination and constructive termination under Title I of Americans With Disabilities Act, 42 U.S.C. § 12101 *et. seq.* ("ADA"), the Rhode Island Fair Employment Practices Act, R.I.G.L. § 28-5-1 *et. seq.* ("FEPA"), the Rhode Island Civil Rights Of People With Disabilities Act, R.I.G.L. § 42-87-1 *et. seq.* ("CRPDA"). It further alleges violations of the Plaintiff's right to privacy under R.I.G.L.§ 9-1-28.1 and alleges that the Defendants improperly disclosed information about the Plaintiff's medical conditions in violation of R.I.G.L. § 5-37.3-4 (c) (1).

**The Parties.**

1. The Plaintiff Victoria Arocho is a resident of the Town of Lincoln, County of Providence, State of Rhode Island at all times relevant hereto.

2. Upon information and belief, the Defendant Melissa Einberg is a resident of the State of Massachusetts.

3. Upon information and belief, the Defendant Keisa Caesar is a resident of the State of New York.

4. Upon information and belief, the Associated Press is a foreign corporation that is properly registered with the Rhode Island Secretary of State and authorized to conduct business in the State of Rhode Island.

5. At all times relevant hereto, the Plaintiff, Victoria Arocho, was an employee of the Defendant, The Associated Press (hereinafter AP) who was assigned to the Providence, Rhode Island Bureau of the AP.

6. At all times relevant hereto, the Defendants Melissa Einberg and Keisa Caesar were employees of the Defendant AP and working in their capacities as employees for the AP.

## Jurisdiction and Venue

7. Subject matter jurisdiction lies with this Court under 28 U.S.C. § 1331 because the instant complaint raises claims under federal law. Supplemental subject matter jurisdiction over the state claims is provided by 28 U.S.C. § 1367.

8. Arocho has been granted Notices of Right To Sue by the Equal Employment Opportunity Commission and the Rhode Island Commission For Human Rights.

9. Venue is appropriate in Rhode Island because Arocho is a citizen of Rhode Island, The AP is a registered Rhode Island Corporation, and the facts giving rise to the instant Complaint largely occurred in Rhode Island.

## Facts Common To All Counts

10. The Associated Press (hereinafter "AP") is an "employer" as defined by the ADA, FEPA, and CRPDA.

11. Prior to January of 2005, the AP employed Arocho since approximately June 30, 1997.

12. On or about August 4, 2004, Defendant Melissa Einberg became the photo editor at the AP Bureau in Boston, MA.

13. One of the duties for the photo editor in Boston, MA was to oversee the work done by the staff photographer at the Rhode Island AP Bureau.

14. Plaintiff Victoria Arocho suffers from Celiac Spruce, an intestinal disorder, that when active severely limits the Plaintiff's ability to perform the activities of daily living.

15. As a result of this condition, the Plaintiff is "disabled" as defined by the ADA, FEPA, and CRPDA.

16. In August of 2004, Plaintiff indicated to Defendant Melissa Einberg that she suffered from celiac spruce.

17. On September 1, Arocho became sick, sought medical attention and called Defendant Einberg to let her know she was sick from the celiac spruce and would not be able to work the next morning.

18. On September 2, 2004, Plaintiff received a telephone call from Defendant Einberg asking if Plaintiff would be able to work a golf tournament on September 3, 2004.

19. During said conversation on September 2, 2004, Plaintiff told Defendant Einberg that she

could not work the tournament because of the possibility that she could become dehydrated, but that she could do office work.

20. Defendant Einberg told Plaintiff, that if she could not work the golf tournament, she could not work at all.

21. As a result, Plaintiff took a sick day on September 3, 2004 instead of working at the Bureau.

22. Plaintiff was on vacation from September 6, 2004 to September 13, 2004.

23. During this vacation, Plaintiff met with Michael Dwyer, a part time Boston Staff Photographer, who told her that Defendant Einberg was making comments in the office about Plaintiff, including statements that Plaintiff was not really sick and that Plaintiff was in a conspiracy with the freelance photographers to get them to work more time.

24. On or about September 14 or 15th, 2004, Plaintiff spoke with Health Services for the AP who indicated that Plaintiff should fill out Family Medical Leave Act (FLA.) forms.

25. On or about September 14, 2004, Plaintiff spoke with Brooke Donald, the Providence AP Correspondent who indicated that Defendant Einberg had commented to Ms. Donald that she could not understand how Plaintiff would not know she was eating wheat.

26. On or about September 14, 2004, Plaintiff spoke with Patricia McDonald, who was Defendant Einberg's photo editor assistant. During said conversation, Ms. McDonald indicated that Defendant Einberg was repeatedly making the allegation that Plaintiff was constantly staying out sick because she was involved in a conspiracy with Stewart Milne, a freelance photographer in Providence, to get Stewart more work.

27. On October 1, 2004, Plaintiff called out sick and treated with a Nurse Practitioner who indicated that Plaintiff could not work on October 2, 2004.

28. On October 2, 2004, Plaintiff called Defendant Einberg and indicated that she would not be able to work because she was sick. Defendant Einberg stated words to the affect that Plaintiff should "have fun at your co-worker's wedding." Plaintiff told Ms. Einberg that she was not going to the wedding. Defendant Einberg asked Plaintiff what was wrong with her. Plaintiff indicated that it was her stomach and the line went dead.

29. On October 3, 2004, Plaintiff sent an e-mail to Ms. Einberg indicating that she believed that her comment about Plaintiff being sick so she could attend a co-workers wedding was inappropriate. In said e-mail Plaintiff also indicated that she knew about the telephone comments that Defendant Einberg made to Brooke Donald and in front of a Staffer in Boston with regard to the validity of her sickness from the celiac spruce disorder.

30. On October 5, 2004, Plaintiff returned the FLA. form to Health Services for the AP, after

it was completed by her gastro-enterologist.

31. On or about October 23, 2004, Plaintiff received an e-mail from Defendant Einberg chastising her for not sending the game winning photographs of the URI game. Plaintiff responded that she had followed customary guidelines for the AP.

32. On November 9, 2004, Defendant Einberg asked Plaintiff to change her schedule to provide coverage for the "Toolan Hearing" in South Kingston, RI.

33. Plaintiff invoked Article 9, Section 6 (c) of the collective bargaining agreement, and asked to be paid at a rate of time and one-half for the first day of the schedule change.

34. Defendant Einberg stated that Plaintiff could work the time only if she worked the extra two hour schedule change as straight overtime.

35. Plaintiff declined to violate the collective bargaining agreement.

36. The Defendant Einberg sent a freelance photographer to the Toolan Hearing.

37. Defendant Einberg told Plaintiff to report in to the Providence AP Bureau to determine what her assignment was to be on November 10, 2005.

38. When Plaintiff called the desk on November 10, 2005, as was her custom, plaintiff was told by Liz Zuckerman, the desk supervisor, that there was something going on at 2:00 but that not much else of importance was happening that morning.

39. Plaintiff told Ms. Zuckerman that she would go and "move the pictures" from the Toolan Hearing for the freelancer.

40. A couple of days later, Plaintiff got an e-mail from Ms. Einberg requesting an accounting for her time on November 10, 2004.

41. On November 11, 2004, Defendant Einberg informed Plaintiff that she was to go into the Providence AP Bureau each morning to start her shift and send all photographs from the Providence AP Bureau.

42. On November 29, 2004, Plaintiff received a letter from Defendant Einberg stating that she was being given a final warning for insubordination for going to the Toolan Hearing without Defendant Einberg's approval or approval from Brooke Donald and because Plaintiff failed to report into the Providence AP Bureau as instructed on November 10, 2004.

43. On November 30, 2004, Plaintiff informed Brooke Donald that she would need to take a personal day the following day.

44. On December 1, 2004, Plaintiff spoke with the Employee Assistance Program Counselor

for the AP.

45. On December 6, 2004, Plaintiff called Defendant Keisa Caesar at Health Services for the AP and faxed Defendant Caesar an out of work note. Plaintiff told defendant Caesar that she would be out of work indefinitely. Plaintiff told Defendant Caesar that she was on a waiting list for a day treatment program.

46. On December 7, 2004, Plaintiff interviewed for the Butler Hospital Day Program and was accepted for treatment.

47. On December 9, 2004, Plaintiff was admitted to the Butler Day program.

48. On December 10, 2004, Plaintiff sent an FMLA form filled out by Dr. Ronald Wintrob by Federal Express to Defendant Keisa Caesar which diagnosed Plaintiff with both depression and an anxiety/panic disorder.

49. Thereafter, Plaintiff contacted Brook Donald to let her know that Plaintiff would be out of work indefinitely, Brooke Donald told Plaintiff that Defendant Einberg had told her that Plaintiff was seeking medical treatment in a partial day hospital for some undisclosed illness.

50. Thereafter, Plaintiff learned from Boston Staff Photographer Elise Amendola that Defendant Einberg told the Boston staff photographers that I was at a "retreat" during this period.

51. On January 4, 2005 plaintiff returned to work.

52. In an e-mail received on January 7, 2005, Defendant Einberg claimed that she called me at the Providence AP Bureau a half dozen times and that Plaintiff was not there at 9:01 a.m. to work.

53. On January 7, 2005, the Plaintiff had been cleared by Brooke Donald to take care of a backlog of company paperwork that had piled up in her absence which explained Plaintiff's absence from her desk at the Bureau.

54. Following the receipt of the January 7, 2005, e-mail, Plaintiff began to have another panic attack which precipitated her readmission to Butler Hospital on January 17, 2005 and continued participating in the day program until January 25, 2005.

55. Plaintiff has not returned to her job since.

**COUNT I.**

**(Violation of R.I.G.L.§ 9-1-28.1)**

56. The allegations set forth in paragraphs one through fifty five of the complaint are hereby re-alleged and incorporated by reference herein.

57. On December 6, 2004, at the time Plaintiff contacted Defendant Keisa Caesar at Health Services for the AP and faxed Defendant Caesar an out of work note, Plaintiff had not indicated to any person at the AP or involved with the AP that she was going to attend a day treatment program.

58. The Plaintiff had a reasonable expectation that the fact that she was attending a day treatment program would not be disclosed to her coworkers at the AP.

59. The Plaintiff expected that, in fact, the information she had supplied to the Defendant Keisa Caesar would remain confidential.

60. Defendant Keisa Caesar told the Defendant Melissa Einberg that the Plaintiff Victoria Arocho was in a day treatment program.

61. The AP had a duty, pursuant to R.I.G.L. § 5-37.3-4 (c) (1) to "Limit authorized access to personally identifiable confidential health care information to persons having a "need to know" that information....."

62. The Defendant Melissa Einberg had no need to know the fact that the Plaintiff was at a day treatment program.

63. The Defendant Melissa Einberg told Brooke Donald, the Providence, Rhode Island Correspondent that the Plaintiff was "seeking medical treatment in a partial day hospital for some undisclosed illness."

64. The Defendant Melissa Einberg told Boston Staff Photographers that the Plaintiff was at a "retreat."

65. A reasonable person of ordinary sensibilities would find publication of the fact that the Plaintiff was at a "retreat" or day treatment program offensive and/or objectionable.

66. The Plaintiff in fact found the disclosure of the fact that she was in a day treatment program and a retreat to her coworkers to be offensive.

67. As a result of the aforementioned violations of R.I.G.L. § 9-1-28.1 the Plaintiff has suffered and will continue to suffer the following damages:

A. Physical illness
B. Mental Pain and Anguish
C. Lost wages
D. Incurrence of medical bills for treatment and care, and
E. Other such damages.

**WHEREFORE,** Plaintiff Victoria Arocho demands judgement against Defendants Melissa Einberg and Keisa Caesar, jointly and severally, in an amount sufficient to confer jurisdiction on the Honorable Court plus interest, costs and reasonable attorney's fees.

Victoria Arocho
By her Attorneys,

RAPPOPORT,
DeGIOVANNI & CASLOWITZ, INC.

Sonja L. Deyoe # 6301
989 Waterman Avenue
East Providence, RI 02914
(401)-437-3000

**<u>COUNT II.</u>**

**<u>(Violation of R.I.G.L. § 5-37.3-4)</u>**

68. The allegations set forth in paragraphs one through sixty seven of the complaint are hereby re-alleged and incorporated by reference herein.

69. The actions of the Defendants Melissa Einberg and Defendant Keisa Caesar constitute a violation of R.I.G.L. § 5-37.3-4.

70. As a result of the aforementioned violations of R.I.G.L. § 5-37.3-4 the Plaintiff has suffered and will continue to suffer the following damages:

A. Physical illness
B. Mental Pain and Anguish
C. Lost wages
D. Incurrence of medical bills for treatment and care, and
E. Other such damages.

**WHEREFORE,** Plaintiff Victoria Arocho demands judgement against Defendants Melissa Einberg and Keisa Caesar, jointly and severally, in an amount sufficient to confer jurisdiction on the Honorable Court plus interest, costs, reasonable attorney's fees, punitive damages, and such other relief as this Honorable Court deems appropriate.

Victoria Arocho
By her Attorneys,

RAPPOPORT,
DeGIOVANNI & CASLOWITZ, INC.

Sonja L. Deyoe # 6301
989 Waterman Avenue
East Providence, RI 02914
(401)-437-3000

**COUNT III.**

**(Vicarious Liability for violations of R.I.G.L. § 5-37.3-4 and 9-1-28.1 )**

71. The allegations set forth in paragraphs one through seventy of the complaint are hereby re-alleged and incorporated by reference herein.

72. At all times relevant hereto, the Defendants Keisa Caesar and Melissa Einberg were employees of the Defendant Associated Press and performing duties associated with their employment with the Associated Press.

73. The Defendant, Associated Press, either did not have policies that prevented disclosure of medical information to parties that did not have a need to know said information or failed to enforce said policies, even after Plaintiff complained that her medical information was being in appropriately disclosed to employees of the Associated Press.

74. As a result of the aforementioned conduct, the Plaintiff has suffered and will continue to suffer the damages set forth above.

**WHEREFORE**, Plaintiff Victoria Arocho demands judgement against Defendants Melissa Einberg, Keisa Caesar, and the Associated Press, jointly and severally, in an amount sufficient to confer jurisdiction on the Honorable Court plus interest, costs, reasonable attorney's fees, punitive damages, and such other relief as this Honorable Court deems appropriate.

Plaintiff, by her attorneys,
RAPPOPORT, DEGIOVANNI &
CASLOWITZ, INC.

______________________________
Sonja L. Deyoe, Esq. # 6301
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000

**COUNT IV.**
**(Violation of the ADA; Discrimination)**

75. Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 74 as stated above.

76. The Plaintiff suffered from celiac spruce at all times relevant hereto, which makes her a member of a protected class under the Americans With Disabilities Act

77. At all times relevant hereto, the Plaintiff performing her job at a level that rules out the possibility that she would be fired for inadequate job performance.

78. The above described disclosure of Plaintiff's medical conditions, initially the celiac spruce and then the anxiety and depression and the resulting hospitalizations, to employees at the Associated Press, ridicule, harrassment, and discriminatory conduct taken by the Associated Press against the Plaintiff was severe and pervasive enough to constitute a constructive termination of the plaintiff.

79. Upon information and belief, defendant AP replaced the Plaintiff with another staff photographer with similar qualifications as the Plaintiff.

78. The Defendant AP's unlawful discrimination against Arocho was intentional, malicious, and/or carried out with a reckless and callous indifference to her statutorily protected rights.

79. As a result of Defendant AP's violation of the ADA, Arocho has suffered damages.

**WHEREFORE,** Plaintiff Arocho prays that this Honorable Court,

a. Enter judgment against the Defendant Associated Press.
b. Permanently enjoin the defendant from violating the ADA;
c. Order affirmative relief, including back pay and monetary damages for emotional pain and suffering;
d. Award punitive damages on the ADA claim;
e. Award attorneys' fees and costs;

f. Award interest on the amount awarded; and
g. Grant such other and further relief as the Court deems just and proper.

Plaintiff, by her attorneys,
RAPPOPORT, DEGIOVANNI & CASLOWITZ, INC.

Sonja L. Deyoe, Esq. # 6301
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000

**COUNT V.**
**(Violation of FEPA; Discrimination)**

80 Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 79 as stated above.

81. The AP constructively terminated Plaintiff based on her disability in violation of the FEPA.

82. The APs unlawful discrimination against Plaintiff was intentional, malicious, and/or carried out with a reckless and callous indifference to her statutorily protected rights.

83. As a result of the AP's violation of the FEPA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff Arocho prays that this Honorable Court,

a. Enter judgment against the Defendant Associated Press.
b. Permanently enjoin the defendant from violating the FEPA;
c. Order affirmative relief, including back pay and monetary damages for emotional pain and suffering;
d. Award punitive damages on the FEPA claim;
e. Award attorneys' fees and costs;
f. Award interest on the amount awarded; and
g. Grant such other and further relief as the Court deems just and proper.

Plaintiff, by her attorneys,
RAPPOPORT, DEGIOVANNI &
CASLOWITZ, INC.

________________________________

Sonja L. Deyoe, Esq. # 6301
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000

**COUNT VI**
**(Violation of CRPDA; Discrimination)**

84. Arocho hereby incorporates the allegations contained in paragraphs 1 through 83 as stated above.

85. The AP constructively terminated Arocho based on her disability in violation of the CRPDA.

86. The APs unlawful discrimination against Arocho was intentional, malicious, and/or carried out with a reckless and callous indifference to her statutorily protected rights.

87. As a result of the AP's violation of the CRPDA, Arocho has suffered damages.

**WHEREFORE,** Plaintiff Arocho prays that this Honorable Court,

a. Enter judgment against the Defendant Associated Press.
b. Permanently enjoin the defendant from violating the CRPDA;
c. Order affirmative relief, including back pay and monetary damages for emotional pain and suffering;
d. Award punitive damages on the CRPDA claims;
e. Award attorneys' fees and costs;
f. Award interest on the amount awarded; and
g. Grant such other and further relief as the Court deems just and proper.

Plaintiff, by her attorneys,
RAPPOPORT, DEGIOVANNI &
CASLOWITZ, INC.

______________________________

Sonja L. Deyoe, Esq. # 6301
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000

**JURY DEMAND**

Plaintiff hereby demands a jury trial of all issues subject to determination by jury.

Plaintiff, by her attorneys,

RAPPOPORT, DEGIOVANNI &
CASLOWITZ, INC.

______________________________

Sonja L. Deyoe, Esq. # 6301
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000

Dated: ________________, , 2006