UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| VICTORIA AROCHO,<br>Plaintiff,<br>v.<br><br>MELISSA EINBERG; KEISA CAESAR; and THE ASSOCIATED PRESS,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 05-308-T |

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants Melissa Einberg, Keisa Caesar and The Associated Press ("AP") answer Plaintiff's First Amended Complaint as follows:

PARTIES

1. Defendants admit the allegations in this paragraph.

2. Defendants admit the allegations in this paragraph.

3. Defendants admit the allegations in this paragraph.

4. Defendants admit the allegations in this paragraph.

5. Defendants admit that Plaintiff was employed by the AP until she resigned in May 2005.

6. Defendants admit that Melissa Einberg and Keisa Caesar were employed by the AP between August 2004 and May 2005. Both remain employees of the AP.

JURISDICTION AND VENUE

7. This paragraph states conclusions of law, and Defendants leave Plaintiff to her proof.

8. Defendants admit only that Plaintiff received a Right to Sue Letter dated March 22, 2006 issued by the State of Rhode Island Commission for Human Rights.

9. This paragraph states conclusions of law, and Defendants leave Plaintiff to her proof.

FACTS COMMON TO ALL COUNTS

10. Defendants admit the allegations in this paragraph.

11. Defendants admit the allegations in this paragraph.

12. Defendants admit that Melissa Einberg became the AP's Regional Photo Editor/East in August 2004 and was based in Boston, Massachusetts.

13. Defendants admit the allegations in this paragraph.

14. Defendants deny the allegations in this paragraph.

15. Defendants deny the allegations in this paragraph.

16. Defendants deny the allegations in this paragraph.

17. Defendants admit only that Plaintiff indicated on September 1, 2004 that she would be out sick on September 2, 2004, but defendants deny that Plaintiff mentioned the condition of celiac spruce.

18. Defendants admit that Melissa Einberg called Plaintiff on September 2, 2004 to inquire about how she was feeling and whether she would be returning to work on September 3, 2004, since Ms. Einberg had to make alternative plans for the photo coverage of a golf tournament if Plaintiff was not returning to work on September 3, 2004.

19. Defendants admit the allegations in this paragraph.

20. Defendants deny the allegations in this paragraph.

21. Defendants admit only that Plaintiff took a sick day on September 3, 2004, but they deny the remaining allegations in this paragraph.

22. Defendants admit the allegations in this paragraph.

23. Defendants deny the allegations in this paragraph.

24. Defendants admit that, on or about September 14, 2004, a Health Services Manager advised Plaintiff of her rights under the Family and Medical Leave Act and provided her with a FMLA certification form.

25. Defendants deny the allegations in this paragraph.

26. Defendants deny the allegations in this paragraph.

27. Defendants admit that Plaintiff called to state that she was taking a sick day on October 1, 2004, but they lack and information sufficient to respond to the remaining allegations in this paragraph.

28. Defendants admit only Plaintiff and Melissa Einberg had a telephone conversation regarding Plaintiff's absence from work, but they deny Plaintiff's allegations regarding the content of that conversation.

29. Defendants admit only that Plaintiff sent an e-mail communication to Melissa Einberg on October 3, 2004, but they deny Plaintiff's allegations regarding the content of that e-mail communication.

30. Defendants admit the AP's receipt of a Certification of Health Care Provider signed by Silvia Degli Esposti, M.D. and dated September 30, 2004, but Defendants can not confirm at this time the exact date that it was sent to the AP.

31. Defendants admit only that Melissa Einberg sent an e-mail communication to Plaintiff regarding the UMASS-URI football game, but deny that Ms. Einberg "chastised"

Plaintiff in that communication. Defendants admit that Plaintiff submitted a responsive e-mail communication to Melissa Einberg on October 26, 2004, but they deny Plaintiff's allegations regarding the content of that e-mail.

32. Defendants deny the allegations in this paragraph.

33. Defendants deny that Plaintiff properly interpreted or invoked the collective bargaining agreement during her refusal to cover the Toolan hearing.

34. Defendants deny the allegations in this paragraph.

35. Defendants deny that Plaintiff properly interpreted or invoked the collective bargaining agreement during her refusal to cover the Toolan hearing.

36. Defendants deny the allegations as pled. Brooke Donald selected a freelance photographer to cover the Toolan hearing after Plaintiff refused to accept the assignment. Melissa Einberg was advised of Ms. Donald's decision and agreed with it.

37. Defendants deny the allegations as pled. After Plaintiff refused to cover the Toolan hearing, Brooke Donald instructed Plaintiff to report to the Providence bureau because there were other events that she could cover in the morning, such as a national teacher of the year award in Barrington. Melissa Einberg was advised of Ms. Donald's decision and agreed with it.

38. Defendants deny the allegations in this paragraph.

39. Defendants deny the allegations in this paragraph. Further, Defendants deny that Plaintiff had any prior approval to assist the freelance photographer at the Toolan hearing. In fact, because of Plaintiff's unauthorized and unilateral decision, the AP was left without coverage at the teacher of the year event.

40. Defendants admit only that Melissa Einberg sent an e-mail communication to Plaintiff on November 11, 2004 requesting an explanation for her unilateral and unauthorized decision to attend the Toolan hearing.

41. Defendants deny Plaintiff's characterization of Melissa Einberg's November 11, 2004 e-mail communication.

42. Defendants admit that, on or about November 24, 2004, Melissa Einberg sent a Final Warning to Plaintiff regarding her insubordination in the workplace.

43. Defendants deny the allegations as pled. Plaintiff called Brooke Donald on November 30, 2004 to request a personal day, and Plaintiff called out sick on December 1, 2004.

44. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

45. Defendants admit that, on December 6, 2006, Plaintiff placed a telephone call to Keisa Caesar of the AP's Health Services Department and stated that she would be out of work for the remainder of the week. Defendants also admit that Plaintiff stated that she was on a waiting list for a day program. Defendants further admit that Plaintiff faxed a doctor's note to Ms. Caesar's attention on December 6, 2006.

46. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

47. Defendants admit that Dr. Ronald Weinraub signed a Certification of Health Care Provider dated December 10, 2004, which stated that Plaintiff had been admitted to a program on December 9, 2004.

48. Defendants admit the AP's receipt of Dr. Weinraub's Certification of Health Care Provider dated December 10, 2004.

49. Defendants admit that Plaintiff told Brooke Donald that she would be out of work through December 8, 2004, but they deny the remaining allegations in this paragraph.

50. Defendants deny the allegations in this paragraph.

51. Defendants deny the allegations in this paragraph.

52. Defendants admit only that Melissa Einberg sent an e-mail communication to Plaintiff on January 7, 2005 stating that Ms. Einberg had tried to reach Plaintiff at least five times over three days to discuss coverage issues and Plaintiff's work schedule.

53. Defendants deny the allegations in this paragraph.

54. Defendants deny that Melissa Einberg's e-mail communication contained any comments or information that could be reasonably associated to be a cause of Plaintiff's alleged panic attacks or decision to participate in a day program.

55. Defendants admit that Plaintiff did not return to work and resigned from the AP in May 2005.

COUNT I
(R.I.G.L. § 9-1-28.1)

56. Defendants repeat and incorporate their responses to paragraphs 1-55.

57. Defendants admit that, on December 6, 2006, Plaintiff placed a telephone call to Keisa Caesar of the AP's Health Services Department and stated that she would be out of work for the remainder of the week. Defendants also admit that Plaintiff stated that she was on a waiting list for a day program. Defendants further admit that Plaintiff faxed a doctor's note to Ms. Caesar's attention on December 6, 2006.

58. Defendants deny the allegations in this paragraph. Defendants further deny that they undertook any alleged acts or made any alleged statements that disclosed health care information improperly or invaded Plaintiff's privacy.

59. Defendants deny the allegations in this paragraph. Defendants further deny that they undertook any alleged acts or made any alleged statements that disclosed health care information improperly or invaded Plaintiff's privacy.

60. Defendants deny Plaintiff's characterization of the scope of the information that Keisa Caesar provided to Melissa Einberg, Plaintiff's supervisor. Defendants further deny that they undertook any alleged acts or made any alleged statements that disclosed health care information improperly or invaded Plaintiff's privacy.

61. Paragraph 61 states a conclusion of law, and Defendants leave Plaintiff to her proof.

62. Defendants deny the allegations in this paragraph.

63. Defendants deny the allegations in this paragraph.

64. Defendants deny the allegations in this paragraph.

65. Defendants deny the allegations in this paragraph.

66. Defendants lack knowledge or information sufficient to form a belief as to Plaintiff's subjective beliefs and opinions.

67. Defendants deny the allegations in this paragraph.

COUNT II
(R.I.G.L. § 5-37.3-4)

68. Defendants repeat and incorporate their responses to paragraphs 1 - 67.

69. Defendants deny the allegations in this paragraph.

70. Defendants deny the allegations in this paragraph.

COUNT III
(Vicarious Liability)

71. Defendants repeat and incorporate their responses to paragraphs 1 - 70.

72. Defendants admit that Melissa Einberg and Keisa Caesar were employees of the AP and that they acted within the scope of their job responsibilities at all times relevant to Plaintiff's allegations.

73. Defendants deny the allegations in this paragraph.

74. Defendants deny the allegations in this paragraph.

COUNT IV
(Violation of ADA; Discrimination)

75. Defendants repeat and incorporate their responses to paragraphs 1 – 74.

76. Defendants deny the allegations in this paragraph.

77. Defendants deny the allegations in this paragraph.

78. Defendants deny the allegations in this paragraph.

79. Defendants deny that the AP retained a replacement staff photographer in Rhode Island after Plaintiff resigned her employment in May 2005. The AP has utilized Boston personnel or freelance photographers to cover assignments in Rhode Island since Plaintiff's resignation.

78. [sic]. Defendants deny the allegations in this paragraph.

79. [sic] Defendants deny the allegations in this paragraph.

COUNT V
(Violation of FEPA; Discrimination)

80. Defendants repeat and incorporate their responses to paragraphs 1 – 79.

81. Defendants deny the allegations in this paragraph.

82. Defendants deny the allegations in this paragraph.

83. Defendants deny the allegations in this paragraph.

COUNT VI
(Violation of CRPDA; Discrimination)

84. Defendants repeat and incorporate their responses to paragraph 1 – 83.

85. Defendants deny the allegations in this paragraph.

86. Defendants deny the allegations in this paragraph.

87. Defendants deny the allegations in this paragraph.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's First Amended Complaint fails to submit a claim upon which relief may be granted because Defendants did not make any improper disclosure of health care information or invade Plaintiff's privacy or discriminate her in any way regarding the terms and conditions of her employment.

### Second Affirmative Defense

Plaintiff has failed to exhaust her administrative remedies.

### Third Affirmative Defense

Plaintiff's claims under federal and state statutes are barred in whole or in part under the applicable statute of limitations periods.

### Fourth Affirmative Defense

Defendant Keisa Caesar lacks insufficient contacts to establish personal jurisdiction over her in Rhode Island.

### Fifth Affirmative Defense

All of Defendant's actions concerning the terms and conditions of Plaintiff's employment at the AP were undertaken for legitimate, non-discriminatory business reasons.

Sixth Affirmative Defense

The AP maintained policies against discrimination. Plaintiff unreasonably failed to utilize the procedures in the policies or otherwise prevent the alleged harm that is pled in her First Amended Complaint.

Seventh Affirmative Defense

Plaintiff is not a qualified individual with a disability under the meaning of the ADA and corresponding Rhode Island anti-discrimination statutes.

Eighth Affirmative Defense

The AP had no legal obligation to make any job accommodations to Plaintiff.

Ninth Affirmative Defense

Plaintiff's claims are barred by the doctrine of contributory negligence. Plus, her own conduct was the proximate cause of any damages that she allegedly sustained.

WHEREFORE, Defendants pray that the First Amended Complaint be dismissed with prejudice and that the Court award to Defendants their attorneys' fees, costs and such other relief deemed to be appropriate.

MELISSA EINBERG, KEISA CAESAR and
THE ASSOCIATED PRESS

By Their Attorneys,

/s/ Steven M. Richard

Stacie B. Collier (#6059)
Steven M. Richard (#4403)
NIXON PEABODY LLP
One Citizens Plaza
Providence, RI 02903
(401) 454-1000
(401) 454-1030 (Fax)

Dated: June 5, 2006

CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of June, 2006, I mailed a true copy of the within Defendants' Answer to Plaintiff's First Amended Complaint via courier to:

Sonja L. Deyoe, Esq.
Rappoport, DeGiovanni & Caslowitz, Inc.
989 Waterman Avenue
East Providence, RI 02914

/s/ Steven M. Richard